IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

SOPHANAVONG,
    Plaintiff,

v.

PUBLIC HOUSING AUTHORITY et al,
    Defendant.

Case No. 1:25-cv-01271-JEH-RLH

**Order**

Now before the Court is the Plaintiff's Motion to Proceed in forma pauperis and Motion to Request Counsel (D. 5 & 4).[1] For the reasons set forth *infra*, the Plaintiff's Motion for Leave to Proceed in forma pauperis is denied, the Motion to Request Counsel is denied as moot, and his Complaint is dismissed without prejudice. The Plaintiff shall have leave to amend his Complaint and renew his Motions within twenty-one days if he believes he can state a claim in accordance with this Order.

**I**

**A**

"The federal in forma pauperis statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

relief against an immune defendant. 28 U.S.C. § 1915(e)(2). However, in this case, even if the Court were to find the Plaintiff is unable to pay the filing fee, his Complaint must still be dismissed for failing to state a claim upon which relief can be granted.

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**B**

Even construing the Plaintiff's Complaint liberally as the Court must given his *pro se* status, the Plaintiff fails to state a viable claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers"). According to the Complaint, Plaintiff alleges "[d]iscrimination in housing. Not being housed when there were units available." (D. 6 at ECF p. 1). Plaintiff further states that Defendant Shaka McQueen, placement coordinator with the Public Housing Authority ("PHA"), injured him by prolonging his placement on the public housing docket despite the fact that he was "supposed to be one of the one pulled and never did." *Id.* at ECF p. 2. Plaintiff says he filed a complaint regarding the placement, but that his application was removed for low-income housing and that he was subsequently "threatened with police" if he stepped foot on the property. *Id.* Plaintiff further states that she engaged in a policy or custom that violated his rights by rejecting his needs for accessing public housing. *Id.* The second Defendant,

2

"Rachel", is listed as the Human Resource officer with PHA, and the Plaintiff alleges she injured him by refusing to incorporate his complaints and removing him from the public housing list. *Id.* Plaintiff alleges that Rachel similarly engaged in a policy or custom that violated his rights by "pull[ing] his name" and that she stopped "relaying messages that dictates my housing accountability." *Id.* The third Defendant, Shondel, is listed as the "Front Receptionist" with PHA, and Plaintiff alleges she injured him by "personally continuously catching attitudes" and that he was "subject to . . . being attacked by employees in the backroom" while also asking the Plaintiff to leave "with no actual reason." *Id.* at ECF p. 3. Plaintiff further alleges that Shondel engaged in a policy or custom that violated his rights "to treat me as others and applicable circumstances when its due" and that "all of them participated in removing me from the waiting list" after "waiting so long." *Id.* The Plaintiff further alleges that he was told if he "stepped foot on the property again" the police would be called on him and that he was told he was not on the list for low-income housing. *Id.* Lastly, Plaintiff further alleges that PHA used excessive force and conspired together to violate his civil rights. *Id.* at ECF p. 5. In support, the Plaintiff states that he was deprived of housing despite his repeated efforts of inquiring about housing and that he has kids to support. *Id.* at ECF p. 6. As a result, the Plaintiff alleges the Defendant's conduct caused him "missing teeth", "missed on kids", "missing clothes, money etc." *Id.*

Plaintiff seeks $1,000,000 in compensatory damages for bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage, and punitive damages. *Id.* at ECF p. 7. However, devoid from Plaintiff's allegations are any nexus to the claims he is asserting. *Id.* Specifically, the Plaintiff does not allege any fact that any Defendant engaged in that relates to discrimination on the basis of any protected characteristic such as his race, age, or religion. *See id.* at ECF p. 1-7. Similarly, the Plaintiff does not allege any fact with a nexus to excessive force or conspiracy to violate his civil rights. *See id.* Without more, the Plaintiff's Motion to Proceed in forma pauperis fails because a "complaint must contain sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Furthermore, a plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, the Plaintiff fails to allege sufficient facts to state a plausible claim for the discrimination, excessive force, or conspiracy claims that he alleges, even construing Plaintiff's motion liberally. *Id.* Nor does it provide enough detail to present a story that holds together. *Id.* Accordingly, the claim is dismissed without prejudice and the Plaintiff shall have leave to amend his Complaint.

## II

For the reasons set forth *supra*, the Plaintiff's Motion to Proceed in forma pauperis is denied (D. 5), his Motion to Request counsel is denied as moot (D. 4), and his Complaint is dismissed without prejudice. The Plaintiff shall have leave to renew both Motions and amend his Complaint within twenty-one days if he believes he can state a claim in accordance with this Order.

*It is so ordered.*

Entered on August 15, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE